UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| PowerStation, LLC; and<br>International Specialty Services, Inc.,<br><br>    Plaintiffs,<br><br>v.<br><br>Sorensen Research &<br>Development Trust,<br><br>    Defendant. | Civil Action No.: 6:07-cv-4167-RBH<br><br><br><br><br><br>**ORDER** |

Pending before the court are: 1) Defendant's [Docket Entry #7] motion to transfer case; and 2) Plaintiffs' [Docket Entry #19] motion to stay or, in the alternative, for jurisdictional discovery.

This patent case was filed by Plaintiffs PowerStation, LLC and International Specialty Services, Inc. requesting a declaration of non-infringement and invalidity of Defendant Sorensen Research & Development Trust's Patent No. 4,935,184, entitled "Stabilized Injunction Molding When Using a Common Mold Part With Separate Complementary Mold Parts" ("Patent 184"). Plaintiffs also seek relief under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10 *et seq*.

Plaintiffs developed, manufacture and sell the "Professional PowerStation," which is a briefcase-sized device used for jump-starting vehicles. On November 5, 2007, Defendant sent Plaintiffs a cease and desist letter claiming that the plastic casing on the PowerStation was produced in a manner that infringed Defendant's patent 184. Plaintiffs responded to Defendant's letter on December 6, 2007. Defendant responded on December 12, 2007,

allegedly persisting in its demand for a license agreement.  Plaintiffs then instituted this action on December 31, 2007, seeking a declaratory judgment and damages for alleged violation of the South Carolina Unfair Trade Practices Act.

In its motion to transfer this case, Defendant argues that this court lacks personal jurisdiction over it and contends that this case should be transferred to the Southern District of California wherein Defendant is located and engages in business.  Defendant claims that its contacts with South Carolina consist of: 1) sending cease and desist letters to Plaintiffs; and 2) entering into non-exclusive license agreements with other South Carolina companies.  As such, Defendant claims that it does not have sufficient minimum contacts with this forum state to establish personal jurisdiction.

In response, Plaintiffs request a stay of this case because the patent at issue, Patent 184, is currently being reexamined by the United States Patent and Trademark Office ("PTO"). Plaintiffs argue that this case should be stayed pending the outcome of the PTO's reexamination proceeding because the reexamination proceeding could result in alteration or invalidation of the patent.  Plaintiffs also argue that following reexamination the issues will likely be more focused for trial, that a stay will facilitate the trial by providing the jury with the expert views of the PTO, and that a stay will allow the court to resolve claim interpretation issues based on the full prosecution history of the patent.  Finally, Plaintiffs argue that granting the stay would avoid inconsistent decisions by this court and the PTO concerning the validity of Defendant's patent.

Alternatively, Plaintiffs seek limited jurisdictional discovery to determine whether this court has personal jurisdiction over the Defendant.  Specifically, Plaintiffs seek to discover the

extent of Defendant's patent-licensing activities in South Carolina. Plaintiffs argue that jurisdictional discovery would shed light on the nature of the obligations contained in Defendant's license agreements with South Carolina companies, including whether the license agreements permit Defendant to retain control over how the licenses are used in this state, whether the parties to the license have the right to sue for infringement in this state, or whether the licenses otherwise call for an ongoing relationship between the Defendant and its licensees beyond the mere receipt of royalty income. Plaintiffs also contend that jurisdictional discovery would shed light on whether the Defendant has done business with its licensees apart from the licensor-licensee relationship, or whether Defendant's licensing activities in South Carolina arose out of or have since led to other patent-related activities in this state.

The court may compel discovery to aid its resolution of personal jurisdiction issues. *Central Wesleyan College v. W.R. Grace & Co.*, 143 F.R.D. 628, 644 (D.S.C. 1992). "When the Plaintiff's claim does not appear frivolous, a district court should ordinarily allow discovery on jurisdiction in order to aid the Plaintiff in discharging the burden of establishing the court's jurisdiction." *Central Wesleyan College*, 143 F.R.D. at 644. The Fourth Circuit has stated that "[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Carefirst of Md., Inc. v. Carefirst Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 402 (4th Cir.2003).

Plaintiffs have offered more than mere speculation and conclusory assertions to support their request for jurisdictional discovery. Moreover, jurisdictional discovery would aid this court in determining whether personal jurisdiction exists over this Defendant. Accordingly, the court, in its discretion, grants Plaintiffs' request for jurisdictional discovery.

Jurisdictional discovery shall be completed by January 31, 2009. The parties are to immediately consult and reach an agreement regarding the scope of the jurisdictional discovery and the necessity of a Confidentiality Order.[1] To the extent the parties cannot reach an agreement regarding the scope of discovery or the issuance of a Confidentiality Order, the parties are directed to contact the court to schedule a conference in an attempt to resolve the matter. Upon the completion of jurisdictional discovery, the parties may refile any motions concerning this court's personal jurisdiction over the Defendant or lack thereof.

Therefore, Defendant's [Docket Entry #7] motion to transfer case is **DENIED without prejudice** with leave to refile; Plaintiffs' [Docket Entry #19] motion to stay is **DENIED without prejudice** with leave to refile; Plaintiffs' [Docket Entry #19] motion for jurisdictional discovery is **GRANTED**.

**IT IS SO ORDERED**.

Florence, SC  
December 31, 2008

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

---

[1] The preferred form for Confidentiality Orders can be found on the South Carolina District Court website, www.scd.uscourts.gov.